IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL FLETCHER, : | |
| : | Civil No. 1:12-CV-86 |
| Plaintiff : | |
| : | |
| v. : | |
| : | (Magistrate Judge Carlson) |
| URIAH AVILES, et al., : | |
| : | |
| Defendants : | |

**MEMORANDUM OPINION AND ORDER**

**I.    Statement of Facts and of the Case**

This is a *pro se* civil rights action brought by Michael Fletcher, a state prisoner. Mr. Fletcher's complaint presents a specific and discrete legal claim, with the plaintiff alleging that the defendant police officer employed excessive force against him in the course of a December 3, 2009, arrest. Specifically, Fletcher alleges that, in the course of this arrest, police unnecessarily and excessively tasered him three time in the chest and testicles, causing pain and other injuries to him.

This matter is scheduled for trial, and the parties have consented to proceed before this Court. In connection with the upcoming trial we considered, and ruled upon, four motions *in limine*, including a motion filed by Fletcher that sought to exclude evidence of Fletcher's attempted flight from the scene of this December 2009

police encounter. Reasoning that flight was one factor the courts instruct juries to consider in assessing excessive force claims we denied this motion *in limine*.

We also ruled upon a motion *in limine* filed by the defendants which sought to exclude from the trial of this case any evidence of police practices, policies, customs and procedures. We granted this motion noting that some courts have excluded such evidence reasoning that such policy "directives had the potential to lead the jury to equate local policy violations with constitutional violations, and that this risk of confusing the issues substantially outweighed the directives' probative value." McKenna v. City of Philadelphia, 582 F.3d 447, 461 (3d Cir. 2009) However, these courts have instead permitted plaintiffs to "offer[] evidence of police practice standards in other ways; for example, plaintiffs [could] cross-examine police witnesses about proper police conduct." Id.

Fletcher has now filed two motions to reconsider, which ask us to reexamine and reconsider these two *in limine* rulings. (Docs. 146 and 158.) For the reasons set forth below, we will deny these motions to reconsider.

**II.    Discussion**

    **A.    Motions to Re-Consider–The Legal Standard**

The legal standards that govern motions to reconsider are both clear, and clearly compelling. "The purpose of a motion for reconsideration is to correct

manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Typically such a motion should only be granted in three, narrowly defined circumstances, where there is either: "(1) [an] intervening change in controlling law, (2) availability of new evidence not previously available, or (3) need to correct a clear error of law or prevent manifest injustice". Dodge v. Susquehanna Univ., 796 F.Supp. 829, 830 (M.D. Pa. 1992 ). As the United States Court of Appeals for the Third Circuit has aptly observed:

> "The purpose of a motion for reconsideration ... is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café, 176 F.3d at 677 (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985)). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id. (citation omitted).

Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc., 602 F.3d 237, 251 (3d Cir. 2010).

Thus, it is well-settled that a mere disagreement with the court does not translate into the type of clear error of law which justifies reconsideration of a ruling. Dodge, 796 F.Supp. at 830. Furthermore, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus., Inc., 884 F.Supp. 937,

943 (E.D. Pa. 1995). Moreover, it is evident that a motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court. Dodge, 796 F.Supp. at 830. Rather, such a motion is appropriate only where the court has misunderstood a party or where there has been a significant change in law or facts since the court originally ruled on that issue. See Above the Belt, Inc. v. Mel Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

Applying these benchmarks, we will decline Mr. Fletcher's invitation to reconsider our ruling permitting evidence of flight by the plaintiff to be presented in the trial of the excessive force claim that lies at the heart of this case. As we have previously noted, the legal standards that govern excessive force claims in the context of police arrests are well-settled. "In an excessive force case, whether there is a constitutional violation is 'properly analyzed under the Fourth Amendment's "objective reasonableness" standard[.]' Graham v. Connor, 490 U.S. 386, 388, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). The relevant inquiry is 'the reasonableness of the officer's belief as to the appropriate level of force[,]' which 'should be judged from [the officer's] on-scene perspective,' and not in the '20/20 vision of hindsight.' Saucier, 533 U.S. at 205, 121 S.Ct. 2151 (internal citations and quotation marks removed). That reasonableness inquiry requires 'careful attention to the facts and

circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, *and whether he is actively resisting arrest or attempting to evade arrest by flight.*' Graham, 490 U.S. at 396, 109 S.Ct. 1865." Curley v. Klem, 499 F.3d 199, 206-07 (3d Cir. 2007)(emphasis added).  Since the United States Supreme Court has expressly held that evidence that an offender may be attempting to flee is relevant to a determination regarding whether police used reasonable force in making an arrest, that evidence cannot be excluded from the trial of an excessive force claim. Therefore, Fletcher's motion will be denied to the extent that it seeks to exclude such evidence.

We will also decline Mr. Fletcher's request that we reconsider our ruling excluding evidence of any alleged police customs or practices, or other uses of tasers in making arrests of other offenders,  from the trial of this case.  Arguing that there is no municipal liability claim in this case, defendants asserted that evidence of other unrelated uses of tasers when subduing different offenders would be both irrelevant and prejudicial.  (Docs. 115 and 116.)  While we agree with the defendants that evidence of unrelated incidents would typically be irrelevant and generally would not permit testimony concerning other unrelated police incidents without some further offer of proof, we also note that Fletcher's pre-trial memorandum and motion to

reconsider suggested that he may attempt to present evidence that police violated their own internal policies and procedures in effecting his arrest. As we have noted, in the past, some courts have excluded such evidence reasoning that such policy "directives had the potential to lead the jury to equate local policy violations with constitutional violations, and that this risk of confusing the issues substantially outweighed the directives' probative value." McKenna v. City of Philadelphia, 582 F.3d 447, 461 (3d Cir. 2009)  However, these courts have instead permitted plaintiffs to "offer[] evidence of police practice standards in other ways; for example, plaintiffs [could] cross-examine police witnesses about proper police conduct." Id.  In other instances, courts have permitted testimony regarding police use of force directives in excessive force cases, but have permitted that testimony subject to a limiting cautionary instruction. See Grabski v. Logan, CIV.A. 12-4978, 2014 WL 1340583 (E.D. Pa. Apr. 4, 2014).

    Therefore, we continue to conclude that Fletcher may not present evidence of other unrelated incidents in the trial of this case without some further offer of proof. However, if Fletcher intends to attempt to make some narrower use of police policies at trial to show that police violated their own internal policies in the course of his arrest, he should notify the Court and opposing counsel at trial prior to attempting to

present this proffered evidence so that this matter may be considered and resolved outside the presence of the jury.

### III. Conclusion

Accordingly, for the foregoing reasons, the plaintiff's motions to reconsider various rulings on motions in *limine* (Docs. 145, 158.) are DENIED and:

1. The defendants will be able to present evidence of any flight by the plaintiff on December 3, 2009.

2. Absent the approval of the court, Fletcher may not present evidence of other unrelated incidents in the trial of this case. However, if Fletcher intends to attempt to use police policies at trial to show that police violated their own internal policies in the course of his arrest, he should notify the Court and opposing counsel prior to attempting to present this proffered evidence so that this matter may be considered and resolved outside the presence of the jury.

So ordered this 18th day of June, 2014.

        */s/ Martin C. Carlson*
        Martin C. Carlson
        United States Magistrate Judge